UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUAN CARLOS SANTIAGO,

    Plaintiff,

v.                                       Case No. 11-CV-1024

DAVID A. CLARKE, JR.,
R. SCHMIDT, and
K. NYKLEWICZ,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION
## FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The plaintiff, who is incarcerated at the Milwaukee County Correctional Facility - Central, filed a pro se complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's motion for leave to proceed in forma pauperis and for screening of the plaintiff's complaint.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $2.00. The plaintiff's motion will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation

was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the plaintiff, he was placed in maximum segregation at the Milwaukee County Correctional Facility - Central on May 16, 2011, due to a court order. The case in which that order was entered settled on June 9, 2011. In that case, the plaintiff was sentenced to house of corrections time and probation, the segregation order was lifted, and the jail received the paperwork from the court on July 29, 2011. The plaintiff was supposed to be moved to the general population and he was supposed to be able to contact his eighteen year old daughter and his brother. However, as of November 4, 2011, when the plaintiff filed his complaint in this case, he was still being held in maximum segregation, where he is allowed no telephone calls, mail, or visitors. While in maximum segregation, the plaintiff is also deprives of his rights to freedom of religious affiliation and worship, treatment with impartiality and fairness, daily exercise, protection from abuse, school and programs, Huber work privileges, a garbage can, a clothes bin, a television, a clock, and newspapers.

Lieutenant Sadowski told the plaintiff that they had no room for him in the general population where his contact with his daughter and brother could be monitored so the plaintiff would remain in max segregation. The plaintiff challenges this assertion because phone calls, mail and visits are monitored in general population too.

The plaintiff further alleges that other inmates in the same situation were moved back to general population the same day their order was lifted, but the plaintiff remains in segregation.

The plaintiff believes that Deputy Inspector Nyklewicz is keeping the plaintiff in segregation because he does not want the plaintiff to go into general population and try to contact the victims in his case. The plaintiff has told the deputy inspector that his case was closed and the order lifted, and that he has broken no rules. The plaintiff asserts that his confinement in segregation constitutes punishment and that the deputy inspector took his constitutional rights and is "being racist." (Complaint at 8). The plaintiff has been writing to the deputy inspector and other jail personnel, but nothing has been done; he has not been released from segregation or received a hearing.

"The scope of an individual's right to be free from punishment . . . hinges in his status within the criminal justice system." *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). Pretrial detainees have not been convicted or sentenced yet and may not be punished by the state in any way. *Id.* A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard. *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). But no process is required if he is placed in segregation not as punishment but for managerial reasons or because he is considered a suicide risk. *Id.*

Even for convicted and sentenced prisoners, disciplinary segregation *can* trigger due process protections depending on the duration and conditions of segregation. *Marion v. Columbia Correctional Institution*, 559 F.3d 693, 697 (7th Cir. 2009) (Emphasis in original). "[A] liberty interest *may* arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh. *Id.* at 697-98 (Emphasis in original).

It is not clear from the plaintiff's complaint whether he was a pretrial detainee or a prisoner during the time period relevant to his claim. Moreover, in this case, the plaintiff has been in segregation since May 16, 2011, and the order placing him in segregation was lifted by July 29, 2011, at the latest. As of November 4, 2011, when he filed his complaint, the plaintiff was still in

segregation, more than four months after the jail received the paperwork authorizing his return to the general population. Thus, there is no fixed length of time of his stay in segregation. Finally, there is no detailed information in the plaintiff's complaint regarding the conditions of confinement in segregation. Given the unknowns, and liberally construing the plaintiff's pro se complaint, the plaintiff will be allowed to proceed on a due process claim regarding his continued detention in segregation.

Additionally, the plaintiff has set forth a "class of one" equal protection claim because he avers that he was treated differently than similarly situated prisoners. "Class of one" equal protection claims arise without regard to protected-class status where the plaintiff "has been intentionally treated differently from others similarly situated and . . . there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In the Seventh Circuit, "class of one" claims under § 1983 require the plaintiff to "present evidence that the defendant deliberately sought to deprive him of the equal protection of the law for reasons of a personal nature unrelated to the duties of the defendant's position." *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000). The plaintiff must show that "the cause of the differential treatment of which the plaintiff complains was a totally illegitimate animus toward the plaintiff by the defendants." *Id.*

The plaintiff only specifically mentions deputy inspector K. Nyklewicz in his complaint. He asserts that the defendants are involved because it is their jail, and they have not done anything to release the plaintiff from segregation. This alone would not be sufficient to state a claim against defendants Sheriff David A. Clarke, Jr., or Inspector R. Schmidt, unless there was evidence that they knew of the plaintiff's situation and did nothing to change it. *See Iqbal*, 556 U.S. 662, 129 S. Ct. at 1948. However, because the plaintiff avers that he has been writing to other jail personnel, the court will assume for the purposes of screening that Clarke and Schmidt are among those

5

personnel to whom the plaintiff has written. In sum, the plaintiff may proceed on his due process claim and his "class of one" equal protection claim against each of the named defendants.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file pleadings responsive to the complaint.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff shall collect from the plaintiff's prison trust account the $348.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Milwaukee County Sheriff.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

Honorable Nancy Joseph
% Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this  28th  day of December, 2011.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge